UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

DELIA A. MARKOWITZ,
on behalf of herself and all others similarly situated,

O8 CIV. O256-SWAIN

**CLASS ACTION COMPLAINT**

Plaintiff,

-against-

DAVID SEAN DUFEK

Defendant

----------------------------------------------------------------x

Plaintiff, by and through her undersigned attorney, alleges upon knowledge as to herself

and her own acts, and as to all other matters upon information and belief, brings this complaint

against the above-named defendant and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action on her own behalf and on behalf of all others similarly

situated for damages and declaratory and injunctive relief arising from the defendant's violation

of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act

(hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and

unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.      Plaintiff Delia Markowitz (hereinafter "Markowitz") is a resident of the State of New York, New York County.  On or about January 12, 2007 defendant mailed and plaintiff received a debt collection notice from defendant David Sean Dufek.

5.      Defendant Davis Sean Dufek is a New York City Department of Consumer Affairs licensed debt collection agency, license number 1259664, with its principal executive office located at 2655 Camino Rio North, Suite 210, San Diego, California 92108.  Defendant is an attorney who attempts to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

6.      Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, as of the date of plaintiff's complaint, and their successors in interest (the "Class"). Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of David Sean Dusek.

2

7.     This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8.     The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a.     Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5), 1692e(10) and 1692g.

b.     Whether plaintiff and the Class have been injured by the defendant's conduct;

c.     Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.     Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10.     Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

3

11.    Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14.    Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

15.    Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

4

## STATEMENT OF FACTS

15.     On or about January 12, 2007 the defendant did send to the plaintiff a collection letter.  Copy of said letter is annexed hereto as **Exhibit A**.

16.     The December 11, 2007 collection letter listed a telephone number and address of 2655 Camino Del Rio North, Suite 203, San Diego, CA 92108, which does not belong to David Sean Dufek.

17.     Upon information and belief, the telephone number of defendant belongs to a debt purchaser.

18.     The January 12, 2007 letter failed to list Mr. Dufek's  New York City Department of Consumer Affairs license number required of foreign attorneys who do not file suit in the Courts of the State of New York.

19.     The January 12, 2007 collection letter requests the consumer to contact the debt collector immediately, which functions to overshadow the consumer's right to dispute the validity of the debt for thirty days after receipt of the initial dunning letter.

20.   As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.


## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

21.     Each of the above allegations is incorporated herein.

22.     Defendant's debt collection letter violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5), 1692e(10) and 1692g

5

by employing false, deceptive and misleading representations in connection with the collection of a debt.

23.    As a result of defendant's violations of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, costs and attorney's fees.

WHEREFORE, plaintiff respectfully requests that the Court enter judgment as follows:

a)    Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b)    Awarding plaintiff statutory damages;

c)    Awarding class members the maximum statutory damages.

d)    Awarding plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

e)    Awarding plaintiff such other and further relief as the Court may deem just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: January 10, 2008
       Uniondale, New York

Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RexCorp Plaza
Uniondale, New York 11556-0165
Telephone (516) 522-2621
Facsimile  (888) 522-1692

**Exhibit A**

# LAW OFFICE OF DAVID SEAN DUFEK

Attorney at Law
2655 Camino Del Rio North Suite 203, San Diego, CA 92108
Telephone: (800) 600-2610
Facsimile: (619) 299-1951

January 12th, 2007

25939599/13968040061200926/0106    (#40)    14950
DELIA A MARKOWITZ
360 E 65TH ST APT 17G
NEW YORK, NY 10021-6724

Re:  Creditor:           ARROW FINANCIAL SERVICES, LLC-R
     Original Creditor:  PROVIDIAN BANK
     Current Balance:    $4,237.08
     Account Number:     13968040061200926

Dear DELIA A MARKOWITZ:

This office has been retained to collect the debt owed by you to ARROW FINANCIAL SERVICES, LLC-R.

As of the date of this letter you owe the sum of $4,237.08. Because of interest, late charges and other charges that may vary from day to day the amount due on the day you pay may be greater.

Under Federal law, you the consumer have 30 days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute all or any part of it within that period, I will assume that the debt is valid. If you do dispute any part of it-by notifying me in writing to that effect-I will, as required by law, obtain and mail to you proof of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, I will furnish you with that information too.

Please remit your payment to:  David Sean Dufek
                               2655 Camino Del Rio North, Suite 203
                               San Diego, CA 92108

Please call our office immediately. The toll free number is 800-600-2610.

Sincerely,

David Sean Dufek, Esq.

BE ADVISED, THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. AS REQUIRED BY LAW, YOU ARE HEREBY NOTIFIED THAT A NEGATIVE CREDIT REPORT REFLECTING YOUR CREDIT RECORD MAY BE SUBMITTED TO A CREDIT REPORTING AGENCY IF YOU FAIL TO FULFILL THE TERMS OF YOUR CREDIT OBLIGATION.